| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

CALVIN LAWSON,

                       Petitioner,

– against –

M. CAPRA, Superintendent, Sing Sing Correctional Facility,

                       Respondent.

**MEMORANDUM & ORDER**

15-CV-6153 (ERK) (LB)

KORMAN, J.:

    I assume familiarity with the facts and procedural history of this case. Petitioner seeks habeas corpus relief on three grounds. Each is without merit.

    1. Petitioner argues that the evidence was insufficient to justify his conviction for murder in the second degree. In order to prevail under a sufficiency of the evidence argument in a habeas proceeding, the petitioner "bears a very heavy burden." *Einaugler v. Supreme Court*, 109 F.3d 836, 840 (2d Cir. 1997) (citation and internal quotation marks omitted). In assessing such cases, the reviewing court must decide whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam) (citation omitted). This is essentially a double deference standard. Petitioner cannot satisfy this standard here. The evidence in this case was overwhelming. Indeed, aside from petitioner's own self-serving post-arrest statement in which he admitted choking the

victim accidently, *see* Trial Tr. 239–41, the evidence that petitioner deliberately murdered the victim was corroborated by accomplice testimony and compelling physical evidence, *see* District Attorney's Appellate Division Br. 22–26.

2. Petitioner's argument that the trial court erred in failing to submit a lesser included offense instruction to the jury cannot provide a basis for habeas corpus relief under AEDPA, because it did not constitute a departure from clearly established Supreme Court law. *See Rice v. Hoke*, 846 F.2d 160, 164 (2d Cir. 1988) ("Although the Supreme Court has determined that in capital cases a judge must charge the jury on lesser included noncapital offenses where the evidence warrants such a charge, it has expressly reserved the question whether due process requires a lesser included offense instruction in a noncapital case." (citing *Beck v. Alabama*, 447 U.S. 625, 627, 638 n.14 (1980))).

3. Petitioner alleges that the trial court erred in admitting photographs of the crime scene and of the victim's injury. Passing over the fact that these photographs were sufficiently relevant so that their admission did not constitute an abuse of discretion by the trial judge, an error would not provide a basis for habeas corpus relief. As Judge McLaughlin has observed:

> To be successful on these claims, petitioner bears a heavy burden; mere evidentiary errors generally do not rise to constitutional magnitude. If evidence is erroneously admitted, the issue becomes whether the erroneously admitted evidence, viewed objectively in the light of the entire record before the jury, was sufficiently material to provide the basis for a conviction or to remove a reasonable doubt that would have existed on the record without it. In short, the evidence must have been crucial, critical or highly significant.

*Aponte v. Scully*, 740 F. Supp. 153, 158–59 (E.D.N.Y. 1990) (citations and internal quotation marks omitted); *see also Marshall v. Lonberger*, 459 U.S. 422, 438, n.6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules.").

The photographic evidence in this case was not "crucial, critical or highly significant." *See Aponte*, 740 F. Supp. at 159. Indeed, if anything the admission of this evidence was harmless under the standard announced by the Supreme Court in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Passing over the limiting instruction given by the trial judge, Trial Tr. 343, the jury did not ask to see the photographs. Instead, during its deliberations, it asked for a chart displaying "the allele data of DNA found on the blow dryer" (the cord of which was used to strangle the victim), the "[t]elephone conversation between Joshua Perry [petitioner's accomplice] and Calvin Lawson," petitioner's videotaped confession, and petitioner's written confession. Trial Tr. 550–51. This request for these exhibits demonstrates that the jury was focused on the other direct and circumstantial evidence of petitioner's guilt.

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
September 1, 2016

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge

3